**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

HOLDING COMPANY OF THE VILLAGES, INC.,

    Plaintiff,

v.

THE VILLAGES MOVING STORAGE AND LOGISTICS CORP d/b/a THE VILLAGES MOVING AND STORAGE, a Florida corporation, JOHN D. SULLIVAN, an individual,

    Defendants.
_____/

CASE NO. 5:17-cv-187-MMH-PRL

## THE VILLAGES MOVING STORAGE AND LOGISTICS CORP AND JOHN D. SULLIVAN'S ANSWER AND DEFENSES PLAINTIFF'S COMPLAINT

Defendants, THE VILLAGES MOVING STORAGE AND LOGISTICS CORP ("Villages Moving") and JOHN D. SULLIVAN ("Sullivan") (collectively "Defendants"), answer and assert the following defenses to the Complaint filed by Plaintiff, HOLDING COMPANY OF THE VILLAGES, INC. ("Holding Company"), and state:

1. Defendants admit the allegations of paragraph 1 for jurisdictional purposes only.

2. Defendants admit the allegations of paragraph 2 for jurisdictional purposes only.

3. Defendants admit the allegations of paragraph 3 for jurisdictional purposes only.

4. Defendants admit the allegations of paragraph 4 for jurisdictional purposes only.

5. Defendants admit the allegations of paragraph 5 for jurisdictional purposes only.

**PARTIES**

6. Defendants admit the allegations of paragraph 6 for jurisdictional and venue purposes only.

7. Defendants admit the allegations of paragraph 7 for jurisdictional and venue purposes only.

8. As to paragraph 8, Little Johns was dismissed from this lawsuit.

9. As to paragraph 9, Little Johns was dismissed from this lawsuit.

10. As to paragraph 10, Little Johns was dismissed from this lawsuit.

11. As to paragraph 11, Little Johns was dismissed from this lawsuit.

12. Defendants admit the allegations of paragraph 12 for jurisdictional and venue purposes only.

13. Defendants admit the allegations of paragraph 13 for jurisdictional and venue purposes only.

14. As to paragraph 14, Little Johns was dismissed from this lawsuit.

15. Defendants admit the allegations of paragraph 15 for jurisdictional and venue purposes only.

16. Defendants admit the allegations of paragraph 16 for jurisdictional and venue purposes only.

17. Defendants admit the allegations of paragraph 17 for jurisdictional and venue purposes only.

18. Defendants admit the allegations of paragraph 18 for jurisdictional and venue purposes only.

19. Defendants admit the allegations of paragraph 19 for jurisdictional and venue purposes only.

20. Defendants admit the allegations of paragraph 20 for jurisdictional and venue purposes exclusively as to Sullivan's relationship with The Villages Moving. Little Johns was dismissed from this lawsuit.

21. Defendants admit the allegations of paragraph 21 for jurisdictional and venue purposes only.

22. Defendants deny the allegations of paragraph 22.

23. Defendants deny the allegations of paragraph 23.

24. Defendants deny the allegations of paragraph 24.

## THE VILLAGES TRADEMARKS

25. As to paragraph 25, Defendants are without knowledge sufficient to admit or deny the allegations contained therein.

26. As to paragraph 26, Defendants are without knowledge sufficient to admit or deny the allegations contained therein.

27. As to paragraph 27, Defendants are without knowledge sufficient to admit or deny the allegations contained therein.

28. As to paragraph 28, Defendants are without knowledge sufficient to admit or deny the allegations contained therein.

29. As to paragraph 29, Defendants are without knowledge sufficient to admit or deny the allegations contained therein.

30. As to paragraph 30, Defendants are without knowledge sufficient to admit or deny the allegations contained therein.

31. As to paragraph 31, Defendants are without knowledge sufficient to admit or deny the allegations contained therein.

32. As to paragraph 32, Defendants are without knowledge sufficient to admit or deny the allegations contained therein.

33. As to paragraph 33, Defendants are without knowledge sufficient to admit or deny the allegations contained therein.

34. As to paragraph 34, Defendants are without knowledge sufficient to admit or deny the allegations contained therein.

35. As to paragraph 35, Defendants are without knowledge sufficient to admit or deny the allegations contained therein.

36. As to paragraph 36, Defendants are without knowledge sufficient to admit or deny the allegations contained therein.

37. As to paragraph 37, Defendants are without knowledge sufficient to admit or deny the allegations contained therein.

38. As to paragraph 38, Defendants are without knowledge sufficient to admit or deny the allegations contained therein.

39. As to paragraph 39, Defendants are without knowledge sufficient to admit or deny the allegations contained therein.

40. As to paragraph 40, Defendants are without knowledge sufficient to admit or deny the allegations contained therein but admit that the registrations mentioned exist.

41. As to paragraph 41, Defendants are without knowledge sufficient to admit or deny the allegations contained therein.

42. As to paragraph 42, Defendants are without knowledge sufficient to admit or deny the allegations contained therein.

43. As to paragraph 43, Defendants are without knowledge sufficient to admit or deny the allegations contained therein.

44. As to paragraph 44, Defendants are without knowledge sufficient to admit or deny the allegations contained therein.

45. As to paragraph 45, Defendants are without knowledge sufficient to admit or deny the allegations contained therein.

46. As to paragraph 46, Defendants deny the allegations contained therein.

47. As to paragraph 47, Defendants deny the allegations contained therein.

48. As to paragraph 48, Defendants are without knowledge sufficient to admit or deny the allegations contained therein.

49. As to paragraph 49, Defendants are without knowledge sufficient to admit or deny the allegations contained therein.

## INFRINGEMENT BY DEFENDANTS

50. As to paragraph 50, Defendants admit the allegations contained therein, except at to the dismissed defendant.

51. As to paragraph 51, Defendants admit the allegations contained therein except as to the dismissed defendant.

52. As to paragraph 52, Defendants admit the allegations contained therein.

53. As to paragraph 53, Little Johns was dismissed from this lawsuit and Defendants deny the remaining allegations, other than that The Villages Moving Storage and Logistics Corp did use the referenced phone number and may do so at this time from time to time.

54. As to paragraph 54, Defendants deny the allegations contained therein.

55. As to paragraph 55, Defendants deny the allegations contained therein.

56. As to paragraph 56, Defendants deny the allegations contained therein.

57. As to paragraph 57, Defendants admit only that Defendants (other than the dismissed defendant) use the website located at <thevillagesmovingandstorage.com>

58. As to paragraph 58, Defendants admit the allegations contained therein.

59. As to paragraph 59, Defendants admit the allegations contained therein except as to the dismissed defendant.

60. As to paragraph 60, Defendants deny the allegations contained therein.

61. As to paragraph 61, Defendants deny the allegations contained therein.

62. As to paragraph 62, Defendants deny the allegations contained therein.

63. As to paragraph 63, Defendants deny the allegations contained therein.

64. As to paragraph 64, Defendants deny the allegations contained therein.

65. As to paragraph 65, Little Johns' was dismissed from this lawsuit.

66. As to paragraph 66, Little Johns' was dismissed from this lawsuit.

67. As to paragraph 67, Defendants deny the allegations contained therein.

68. As to paragraph 68, Defendants are without knowledge sufficient to admit or deny the allegations contained therein.

69. As to paragraph 69, Defendants are without knowledge sufficient to admit or deny the allegations contained therein.

70. As to paragraph 70, Defendants deny the allegations contained therein.

71. As to paragraph 71, Little Johns' was dismissed from this lawsuit.

72. As to paragraph 72, Defendants admit the allegations contained therein.

73. As to paragraph 73, Defendants deny the allegations contained therein.

74. As to paragraph 74, Defendants are without knowledge sufficient to admit or deny the allegations contained therein.

75. As to paragraph 75, Defendants are without knowledge sufficient to admit or deny the allegations contained therein.

76. As to paragraph 76, Defendants admit the allegations contained therein.

77. As to paragraph 77, Defendants deny the allegations contained therein.

78. As to paragraph 78, Defendants deny the allegations contained therein.

79. As to paragraph 79, Defendants deny the allegations contained therein.

80. As to paragraph 80, Defendants deny the allegations contained therein.

81. As to paragraph 81, Defendants deny the allegations contained therein.

82. As to paragraph 82, Defendants deny the allegations contained therein.

83. As to paragraph 83, Defendants deny the allegations contained therein.

84. As to paragraph 84, Defendants deny the allegations contained therein.

85. As to paragraph 85, Defendants deny the allegations contained therein.

86. As to paragraph 86, Defendants deny the allegations contained therein.

87. As to paragraph 87, Defendants admit the allegations contained therein.

88. As to paragraph 88, Defendants deny the allegations contained therein, and specifically note that Little Johns was dismissed from this lawsuit.

89. As to paragraph 89, Defendants deny the allegations contained therein.

90. As to paragraph 90, Defendants deny the allegations contained therein.

91. As to paragraph 91, Defendants deny the allegations contained therein.

## DAMAGES CAUSED BY DEFENDANTS

92. As to paragraph 92, Defendants deny the allegations contained therein.

93. As to paragraph 93, Defendants deny the allegations contained therein.

94. As to paragraph 94, Defendants deny the allegations contained therein.

95. As to paragraph 95, Defendants deny the allegations contained therein.

96. As to paragraph 96, Defendants deny the allegations contained therein.

97. As to paragraph 97, Defendants deny the allegations contained therein.

98. As to paragraph 98, Defendants deny the allegations contained therein.

99. As to paragraph 99, Defendants deny the allegations contained therein.

100. As to paragraph 100, Defendants deny the allegations contained therein.

101. As to paragraph 101, Defendants are without knowledge sufficient to admit or deny the allegations contained therein.

## COUNT I
## TRADEMARK INFRINGEMENT BY ALL DEFENDANTS – 15 U.S.C. § 1114(1)

102. Defendants admit and deny paragraph 102 in the same respects as all preceding paragraphs incorporated therein by reference.

103. As to paragraph 103, Defendants deny the allegations contained therein.

104. As to paragraph 104, Defendants deny the allegations contained therein.

105. As to paragraph 105, Defendants deny the allegations contained therein.

106. As to paragraph 106, Defendants deny the allegations contained therein.

107. As to paragraph 107, Defendants deny the allegations contained therein.

108. As to paragraph 108, Defendants deny the allegations contained therein.

109. As to paragraph 109, Defendants deny the allegations contained therein.

110. As to paragraph 110, Defendants deny the allegations contained therein.

111. As to paragraph 111, Defendants deny the allegations contained therein.

112. As to paragraph 112, Defendants deny the allegations contained therein.

## COUNT II
## FEDERAL UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, AND FALSE ADVERTISING BY ALL DEFENDANTS – 15 U.S.C. § 1125

113. Defendants admit and deny paragraph 113 in the same respects as all preceding paragraphs incorporated therein by reference.

114. As to paragraph 114, Defendants deny the allegations contained therein.

115. As to paragraph 115, Defendants deny the allegations contained therein.

116. As to paragraph 116, Defendants deny the allegations contained therein.

117. As to paragraph 117, Defendants deny the allegations contained therein.

118. As to paragraph 118, Defendants deny the allegations contained therein.

119. As to paragraph 119, Defendants deny the allegations contained therein.

120. As to paragraph 120, Defendants deny the allegations contained therein.

121. As to paragraph 121, Defendants deny the allegations contained therein.

## COUNT III
## TRADEMARK DILUTION BY ALL DEFENDANTS – 15 U.S.C. § 1125(c)

### DISMISSED BY THE COURT

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT BY ALL DEFENDANTS

122. Defendants admit and deny paragraph 137 in the same respects as all preceding paragraphs incorporated therein by reference.

123. As to paragraph 138, Defendants deny the allegations contained therein.

124. As to paragraph 139, Defendants deny the allegations contained therein.

125. As to paragraph 140, Defendants deny the allegations contained therein.

126. As to paragraph 141, Defendants deny the allegations contained therein.

127. As to paragraph 142, Defendants deny the allegations contained therein.

## COUNT V
## STATUTORY INJURY TO BUSINESS REPUTATION
## AND TRADEMARK DILUTION BY ALL DEFENDATS – FLA. STAT. §495.151

### DISMISSED BY THE COURT

## COUNT VI
## VIOLATION OF ANTICYBERSQUATTING CONSUMER PROTECTION ACT BY ALL DEFENDANTS – 15 U.S.C. §1125(d)

128.    Defendants admit and deny paragraph 151 in the same respects as all preceding paragraphs incorporated therein by reference.

129.    As to paragraph 152, Defendants deny the allegations contained therein.

130.    As to paragraph 153, Defendants deny the allegations contained therein.

131.    As to paragraph 154, Defendants deny the allegations contained therein.

132.    As to paragraph 155, Defendants deny the allegations contained therein.

133.    As to paragraph 156, Defendants deny the allegations contained therein.

134.    As to paragraph 157, Defendants deny the allegations contained therein.

135.    As to paragraph 158, Defendants deny the allegations contained therein.

136.    As to paragraph 159, Defendants deny the allegations contained therein.

137.    As to paragraph 160, Defendants deny the allegations contained therein.

138.    As to paragraph 161, Defendants deny the allegations contained therein.

139.    As to paragraph 162, Defendants deny the allegations contained therein.

### GENERAL DENIAL

Defendants generally deny all allegations not specifically admitted above. No allegation as to the dismissed defendant is taken to be admitted in any way in view of the dismissal order at Doc. 21.

## DEFENSES

### FIRST DEFENSE
### (Failure to State a Cause of Action)

Plaintiff fails to state a claim upon which relief can be granted with regard to all Counts that have not been dismissed.

### SECOND DEFENSE
### (Classic Fair Use Under 15 U.S.C. §1115(b))

While Defendants deny that they have used any mark of Plaintiff, the use of the disputed trade names and domain names including THE VILLAGES MOVING AND STORAGE AND LOGISTICS CORP, and THE VILLAGES MOVING AND STORAGE and the domain www.thevillagesmovingandstorage.com and any variations thereof said to be infringing has been merely to describe the services offered by Defendants to persons living in or near The Villages, Florida, a geographic location having a post office address by that name and having nearly 70,000 persons living in or near "The Villages," a term which is geographically descriptive. At all times material to this action:

1. There is and has been a community called "The Villages:

2. There is and has been a post office and a post office address called "The Villages, Florida;"

3. The term "The Villages" is descriptive of the aforementioned geographic location;

4. The term "The Villages" has come to mean to residents living in or near "The Villages," Florida the community in Central Florida so-named, such that the term "The Villages" is geographically descriptive;

5. Because the term "The Villages" is descriptive of the community in which nearly 70,000 people live, and is commonly used in a descriptive sense, Plaintiff as a trademark registrant is not permitted to exclude others from using the phrase "The Villages" in a descriptive sense;

6. Plaintiff or its predecessor in interest itself has encouraged the descriptive use of the term "The Villages" and has even provided to the United States Government the free or nominal use of a building in which to house the post office for "The Villages, Florida," while using that same building to post messages to the community living in The Villages, Florida, as if the same were a city government or its legal equivalent;

7. As United States District Judge Roy Dalton determined in *Holding Co. of the Villages v. Power Corp.,* 2012 U.S. Dist. LEXIS 2333 (M.D. Fla. 2012), a copy of the slip opinion being attached hereto as **Exhibit "A"**, Plaintiff expressly disclaimed the exclusive right to the use of the mark VILLAGES from three state trademark registrations and during the prosecution of the mark for THE VILLAGES & Design, stated that no claim is made to the exclusive right to use the term Villages apart from the mark as shown with design and made similar disclaimers in other trademark applications;

8. Many non-residential businesses in the general vicinity of The Villages, Florida use a name that includes the word Villages or The Villages in conjunction with a word that describes the specific business or service involved;

9. The marks of Plaintiff including the incontestable mark THE VILLAGES and design are "inherently weak" as Judge Dalton concluded;

10. Persons wishing to market goods and services to people living in or near The Villages, Florida regularly do and long have used some variation of the term "The Villages" to signal to consumers that they are offering goods and services to residents in or near The Villages, Florida, and this includes all manner of small business providers;

11. Defendants have similarly offered their moving services under tradenames and/or domain names which use "the villages" or "villages" in a geographically descriptive manner so as

to signal to consumers that they offer moving and storage services to persons living in or near or moving to or near The Villages, Florida;

12. It would be unfair for plaintiff to exclude competitors from using the term "The Villages" in a geographically descriptive sense or to otherwise signal to consumers that the vendor is offering its goods and services to persons living in or near The Villages, Florida;

13. None of the variations of "The Villages" used by Defendants has been other than as descriptive of the geographic region or location in which goods or services are offered to consumers, as the fictitious name THE VILLAGES MOVING AND STORAGE clearly suggests;

14. Defendants have not attempted to trade on any good will associated with the trademarks owned by Plaintiff which are senior to Defendants in the class of goods and services in which the Defendants are engaged, if any;

15. Consumers who live in or near The Villages have long understood that others use the term "The Villages" as broadly descriptive of the community known as The Villages, Florida and that various goods and services are offered to such consumers under various names descriptive of that location and therefore unlikely to be confused as to the source or origin of tradenames using a variation on "The Villages" to signify the geographic target market of the vendor;

16. If there is any potential confusion associated with Defendants' trade names or domain names, which Defendants deny, such confusion is a risk Plaintiff or its predecessor accepted when it decided to identify its products or services by using a mark that is descriptive of the location known as "The Villages, Florida" after having established the community by that name and the post office(s) address and zip code(s) associated with it and using it as a geographically descriptive term. *See, e.g., Commodores Entertainment Corp. v. McClary,* Case No. 6:14-cv-1335-Orl-37GJK, 2015 WL 12843872 at *2 (M.D. Fla. March 10, 2015); and

17. Defendants' use of any mark claimed to be senior to Defendants' marks in the class of goods and services of Defendants has been descriptive of and used fairly and in good faith only to describe the goods or services of Defendants and their geographic origin.

### THIRD DEFENSE
### (Trademark Misuse/Unclean Hands)

Plaintiff's claims are barred by its own misconduct, unclean hands and misuse of trademark for anticompetitive and unfair purposes. In support hereof, Defendants incorporate and reallege the allegations of the Second Defense, set forth above, and further allege:

1. Plaintiff has obtained or is close to obtaining a monopoly in the market for development services in the geographic area known as The Villages, Florida;

2. Plaintiff's marks, including THE VILLAGES registration number 2,614,700, are weak and descriptive, but Plaintiff has sued or threatened to sue all manner of persons seeking to market goods and services to persons living in The Villages, Florida, in an effort to leverage the marks as an anti-competitive weapon and to prevent persons not licensed by or controlled by Plaintiff from offering goods and services of all kinds to persons living in The Villages, Florida, including without limitation physician services, legal services, realtor and real estate sales services, home building services, golf cart services, and moving and relocation services;

3. Plaintiff is therefore using its marks for development related services to obtain a monopoly in unrelated classes of goods and services, notwithstanding the fact that there is little or no likelihood of confusion associated with the purely descriptive use of tradenames such as The Villages to market goods and services to persons living in or near The Villages, Florida;

4. While Plaintiff has a right to enforce its trademark to prevent genuine potential for confusion, it does not have the right to use its trademarks to threaten and to sue and to economically crush small businesses who are using descriptive trade names to describe their goods and services

along with some variation of "The Villages" to signal that they are offering goods and services to persons residing in The Villages, Florida and with little or no potential for confusion of consumers;

5. The marks in suit and in particular Registration Number 2,614,700 is the basic and fundamental vehicle being used by Plaintiff to perpetrate its unfair and anticompetitive ends, which ends the law forbids;

6. Plaintiff is nevertheless using registration number 2,614,700 and its growing family of marks based thereon, all of which are primarily or entirely descriptive and weak, to attempt to monopolize and to monopolize multiple classes of goods and services in the geographic market consisting of The Villages, Florida and areas immediately adjacent thereto, including the product market of moving services;

7. There is a dangerous probability that Plaintiff will succeed in monopolizing the product market for moving services in the geographic market consisting of The Villages, Florida and areas immediately adjacent thereto;

8. Competition in the aforesaid market would be impaired and consumer welfare would be injured should Plaintiff succeed in its efforts to crush Defendants and other moving company competitors who similarly use geographically descriptive tradenames that include "the villages" to identify the consumers for whom services or goods are offered;

9. Competition in other product markets would likewise be imperiled and consumer welfare would be injured should Plaintiff succeed in unfairly leveraging its registration number 2,614,700 for purposes of squashing competition in such markets for anticompetitive ends unrelated to protecting against genuine potential for confusion;

10. The Court in the exercise of its equitable powers may deny enforcement of a trademark integral to the attempted monopolization of a market; and

11.     The Court should find that Plaintiffs are and have been misusing the trademarks in suit in violation of the antitrust laws of the United States, including 15 U.S.C.§ 2 and under circumstances that justify the invocation of the unclean hands defense.

### FOURTH DEFENSE
### (Estoppel/Acquiescence)

Plaintiff and its predecessor affirmatively led Defendants to believe for years that the use of "The Villages" in a tradename that identifies the nature of the offered goods or services in good faith and without an effort to trade on the good will of Plaintiff, if any, would be a permitted use and a use to which Plaintiff acquiesced. In reliance thereon, Defendants adopted their trade and domain names, in good faith. Plaintiff has now changed its position and is now engaging in an anticompetitive attempt to leverage its existing marks into an improper control over the offering of goods and services to the nearly 70,000 people living in or near The Villages, Florida under a descriptive tradename using The Villages as a geographic identifier. If Plaintiff has the right to engage in this conduct, which Defendants deny, the unreasonable delay in filing suit on this theory now has unfairly prejudiced Defendants and the Court should find that the delay and prejudice is so consequential that the relief requested by Plaintiff in this case is barred.

WHEREFORE, Defendants hereby demand judgment in their favor and against Plaintiff and seek an award of attorneys' fees pursuant to 15 U.S.C. § 1117(a), together with costs of this action.

### DEMAND FOR JURY TRIAL

Defendants demands a trial by jury for all issues so triable.

Respectfully submitted this 21st day of December 2017,

          *s/ Stephen D. Milbrath*
          **Stephen D. Milbrath**
          Florida Bar No. 239194
          **J. Carlos Real**
          Florida Bar No. 012869
          **W. Colby Roof**
          Florida Bar No. 118888
          **BYRD CAMPBELL, P.A.**
          180 Park Avenue North, Suite 2A
          Winter Park, Florida 32789
          Telephone: (407) 392-2285
          Facsimile: (407) 392-2286
          Primary Email: SMilbrath@ByrdCampbell.com
          Primary Email: CReal@ByrdCampbell.com
          Primary Email: CRoof@ByrdCampbell.com
          Secondary Email: DWinters@ByrdCampbell.com
          *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 21, 2017, a copy of the foregoing was filed using CM/ECF System, which will serve a copy by email on all counsel listed on the Service List below.

          *s/ Stephen D. Milbrath*
          **Stephen D. Milbrath**
          Florida Bar No. 239194

## **SERVICE LIST**

William G. Giltinan, Esquire
Carlton Fields Jorden Burt, P.A.
4221 W. Boy Scout Boulevard, Suite 1000
Tampa, Florida 33607
wgiltinan@carltonfields.com
jplit@carltonfields.com